**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUSAN VON DRASEK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 13-847 (KBJ) |
| KATHLEEN SEBELIUS, in her official ) | |
| capacity as Secretary of the United States ) | |
| Department of Health and Human Services ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, Defendant, Kathleen Sebelius, Secretary of the Department of Health and Human Services, through counsel, respectfully moves this Court to dismiss the complaint or, in the alternative, to grant summary judgment. In support of this motion, the Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7 (m).

Dated:  August 9, 2013                              Respectfully submitted,

                                                          RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2539
Andrea.McBarnette@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN VON DRASEK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN SEBELIUS, in her official )<br>capacity as Secretary of the United States )<br>Department of Health and Human Services )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 13-847 (KBJ) |

## **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7.1(h)(1), Defendant, Kathleen Sebelius, Secretary of the Department of Health and Human Services (HHS), through counsel, respectfully submits this statement of undisputed material facts.

1. Plaintiff, Susan M. Von Drasek, began to work for the Food and Drug Administration (FDA), a component of HHS as a Chemist, GS-1320-11, on April 13, 2008. See Compl. ¶¶ 2, 20.

2. On April 1, 2010, Plaintiff's immediate supervisor, Rachel Dietzel, issued Plaintiff a Performance Improvement Plan (PIP). Ms. Dietzel advised Plaintiff that her performance was unacceptable and that she had 75 days after April 1, 2010, to improve her work in two critical elements to the minimally successful level. The PIP stated that plaintiff's failure to improve her performance to a minimally acceptable level could result in her removal or her demotion. See Compl. ¶23. Ex. 1 (Agency File, Tab 4ooo).

3.      On October 1, 2010, Ms. Dietzel notified Plaintiff that her performance remained unacceptable and that Ms. Dietzel was proposing Plaintiff's removal from federal service. Compl. ¶ 25; Ex. 2 (Agency File, Tab 4gg).

4.      On October 5, 2010, Plaintiff notified Ms. Dietzel for the first time that she had a medical condition and that she was requesting reasonable accommodation. Compl. ¶ 26; Ex. 3 (Agency File, Tabs 4cc; 4e, p.2).

5.      The Plaintiff claims that she was diagnosed with bipolar disorder in 1978 and that she had a mental disability. Compl. ¶ 21.

6.      In early November, 2010, Plaintiff submitted to the Agency a written request for reasonable accommodation and authorization to contact her physician. She specifically requested reassignment, written instruction for all assignments, and additional time to complete assignments. Ex. 4 (Agency File, Tabs 4u) Ex. 5 (Agency File, 4s).

7.      The Agency physician who reviewed Plaintiff's medical information found no support for the request for reassignment, but recommended that "written instructions be provided as much as administratively possible,' as well as additional time to complete work. Ex. 6 (Agency File, Tab 4j).

8.      In an April 18, 2011, memorandum to the Plaintiff, Ms. Dietzel denied the requested accommodations. She explained that, during the PIP period, Plaintiff had been provided written instructions and that Plaintiff took the time she needed to complete tasks. Despite these accommodations, Plaintiff's performance did not improve. Ms. Dietzel also informed Plaintiff that there was no position to which Plaintiff could be reassigned. Ex. 7 (Agency File, Tab 4c, p.2).

9.      On April 20, 2011, Ms. Dietzel notified Plaintiff that she was removed from federal service for unacceptable performance effective April 22, 2011.  Ex. 8 (Agency File, Tab 4b).

Dated:  August 9, 2013                                  Respectfully submitted,


                                                                        RONALD C. MACHEN JR., D.C. Bar #447889
                                                                        United States Attorney

                                                                        DANIEL F. VAN HORN, D.C. Bar # 924092
                                                                        Chief, Civil Division

                                                                        _____/s/_____
                                                                        ANDREA McBARNETTE, D.C. Bar # 483789
                                                                        Assistant United States Attorney
                                                                        555 Fourth Street, N.W.
                                                                        Washington, D.C. 20530
                                                                        (202) 252-2539
                                                                        Andrea.McBarnette@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUSAN VON DRASEK )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN SEBELIUS, in her official )<br>capacity as Secretary of the United States )<br>Department of Health and Human Services )<br>)<br>　　　　　Defendant. )<br>_____ ) | Civil Action No. 13-847 (KBJ) |

**MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE FOR SUMMARY JUDGMENT</u>**

The Plaintiff brings suit under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. The Plaintiff claims that the Defendant discriminated against her and retaliated against her by failing to accommodate her disability and by terminating her. Compl., Counts I-III.[1]

**INTRODUCTION**

Plaintiff disclosed her disability and sought reasonable accommodation only after the Defendant has placed her on a Performance Improvement Plan (PIP) and had subsequently proposed her removal for unacceptable performance. Despite this last minute claim of disability, the Defendant had no duty to accommodate the Plaintiff and appropriately proceeded with the removal action. In addition, the Plaintiff, with or without accommodation, simply could not perform the essential elements of her job. The Plaintiff sought an accommodation of written instructions and more time to complete assignments. The Plaintiff, however, had received written instructions and more time to complete assignments during her PIP. Her performance was unsatisfactory. Finally, given her performance inadequacies, the Defendant had legitimate

---

[1]　　For purposes of this motion, the Defendant does not dispute that Plaintiff has a disability.

non-discriminatory and non-retaliatory reasons to terminate the Plaintiff that do not raise an inference of pretext. Accordingly, the Court should dismiss the Plaintiff's Complaint or grant summary judgment in favor of the Defendant.

## BACKGROUND FACTS

Plaintiff, Susan M. Von Drasek, began to work for the Food and Drug Administration (FDA), a component of HHS as a Chemist, GS-1320-11 on April 13, 2008. See Compl. ¶¶ 2, 20. On April 1, 2010, Plaintiff's immediate supervisor, Rachel Dietzel, issued Plaintiff a Performance Improvement Plan (PIP). Ms. Dietzel advised Plaintiff that her performance was unacceptable and that she had 75 days after April 1, 2010, to improve her work in two critical elements to the minimally successful level. The PIP stated that plaintiff's failure to improve her performance to a minimally acceptable level could result in her removal or her demotion. See Compl. ¶23. Ex. 1 (Agency File, Tab 4ooo). On October 1, 2010, Ms. Dietzel notified Plaintiff that her performance remained unacceptable and that Ms. Dietzel was proposing Plaintiff's removal from federal service. Compl. ¶ 25; Ex. 2 (Agency File, Tab 4gg).

On October 5, 2010, Plaintiff notified Ms. Dietzel for the first time that she had a medical condition and that she was requesting reasonable accommodation. Compl. ¶ 26; Ex. 3 (Agency File, Tabs 4cc; 4e, p.2). The Plaintiff claims that she was diagnosed with bipolar disorder in 1978 and that she had a mental disability. Compl. ¶ 21. In early November, 2010, the Plaintiff submitted to the Agency a written request for reasonable accommodation and authorization to contact her physician. She specifically requested reassignment, written instruction for all assignments, and additional time to complete assignments. Ex. 4 (Agency File, Tabs 4u) Ex. 5 (Agency File, 4s). The Agency physician who reviewed Plaintiff's medical information found no support for the request for reassignment, but recommended that "written instructions be

provided as much as administratively possible,' as well as additional time to complete work. Ex. 6 (Agency File, Tab 4j).

In an April 18, 2011, memorandum to Appellant, Ms. Dietzel denied the requested accommodations. She explained that, during the PIP period, Plaintiff had been provided written instructions and that Plaintiff took the time she needed to complete tasks. Despite these accommodations, Plaintiff's performance did not improve. Ms. Dietzel also informed Plaintiff that there was no position to which Plaintiff could be reassigned. Ex. 7 (Agency File, Tab 4c, p.2). On April 20, 2011, Ms. Dietzel notified Plaintiff that she was removed from federal service for unacceptable performance effective April 22, 2011. Ex. 8 (Agency File, Tab 4b).

**STANDARD OF REVIEW**

**A.    Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Aktieselskabet v. Fame Jeans, Inc., 525 F.3d 8, 16-17 (D.C. Cir. 2008); In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 663. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v.

MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. Kowal, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

In deciding a 12(b)(6) motion, the Court may consider materials outside the pleadings to the extent that they consist of "any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). For example, the D.C. Circuit instructed that court papers filed elsewhere by the plaintiff may be relied upon by the Court in deciding a motion to dismiss. See Jankovic v. Internat'l Crisis Group, 494 F.3d 1080, 1088 (D.C. Cir. 2007) (citing Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1222-23 (D.C. Cir. 1993)); accord Covad Commun. Co. v. Bell Atlantic Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005) (judicial notice of other court decisions and party's failure to respond to argument regarding them). Similarly, the D.C. Circuit approved the district court's decision to take judicial notice of public records on file at a government agency in Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (patent assignment records on file with the Patent Trademark Office). See also Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (press release and agency order attached to plaintiff's complaint); In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (statements attached to complaint that undermined inference advocated by plaintiff).

**B.    Rule 56**

Summary judgment should be granted when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp.

v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment. The nonmoving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and be supported by admissible evidence from which a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).  Where the nonmoving party fails to prove "an essential element" of its case, that "necessarily renders all other facts immaterial . . . [and the] moving party is entitled to a judgment as a matter of law."  Celotex Corp., 477 U.S. at 322-23 (internal quotation marks and citation omitted).

A plaintiff must present substantial and credible evidence of discrimination or retaliation in order to survive a motion for summary judgment.  See Woodruff v. DiMario, 164 F. Supp. 2d 1, 5 (D.D.C. 2001), aff'd, 2002 WL 449776 (D.C. Cir. Feb. 21, 2002); Hastie v. Henderson, 121 F. Supp. 2d 72, 77 (D.D.C. 2000), aff'd, 2001 WL 793715 (D.C. Cir. June 28, 2001) ("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'") (quoting Hayes v. Shalala, 902 F. Supp. 259, 263-64 (D.D.C. 1995)); Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting such conclusory allegations as true,

therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial.").

## LEGAL ANALYSIS

### I. The Rehabilitation Act

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability" may "be subjected to discrimination" by any federal agency "solely by reason of her or his disability." 29 U.S.C. § 794(a). "In all relevant respects, the Rehabilitation Act specifies that the standards of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, 'shall' be used to determine if it "has been violated." Schmidt v. Solis, 891 F. Supp. 2d 72, 86-87 (D.D.C. 2012) (citing 29 U.S.C. § 794(d)). "Consequently, [plaintiff]'s substantive rights are defined by reference to the ADA, as well as the Equal Employment Opportunity Commission's ("EEOC") regulations and enforcement guidance that implement the ADA. Schmidt v. Solis, 891 F. Supp. 2d at 87.

The ADA's anti-discrimination provision makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA's anti-retaliation provision bars "discriminat[ion] against any individual because such individual ... made a charge ... under this chapter." 29 U.S.C. § 794(a); see Smith v. District of Columbia, 430 F.3d 450, 454–55 (D.C.Cir.2005).

The Rehabilitation Act ban on discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee." 42 U.S.C. § 12112(b)(5)(A). The Rehabilitation Act

requires the federal government to "take reasonable affirmative steps to accommodate the handicapped, except where undue hardship would result." Barth v. Gelb, 2 F.3d 1180, 1183 (D.C. Cir. 1993); see 29 U.S.C. § 791(b). Regulations for the ADA have been incorporated as Rehabilitation Act regulations applicable to federal agencies. See 29 C.F.R. § 1614.203(b).

"The elements of retaliation and discrimination claims are the same under Title VII and the Rehabilitation Act." Bonnette v. Shinseki, 907 F. Supp.2d 54, 69 n. 5 (D.D.C. 2012) (citing Mogenhan v. Napolitano, 613 F.3d 1162, 1165 (D.C. Cir. 2010) (citations omitted) (stating that Title VII "contains anti-discrimination and anti-retaliation provisions that are indistinguishable from those of the ADA" as incorporated into the Rehabilitation Act). Discrimination and retaliation claims under the Rehabilitation Act and Title VII are analyzed under the burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Woodruff v. Peters, 482 F.3d 521, 528-29 (D.C. Cir. 2007); Kersey v. Wash. Metro. Area Transit Auth., 586 F.3d 13, 16 (D.C. Cir. 2009).

Under the McDonnell Douglas framework, the plaintiff has the initial burden of establishing a prima facie case by a preponderance of the evidence.[2] Taylor v. Small, 350 F.3d 1286, 1292 (D.C. Cir. 2003) (citing Stella v. Mineta, 284 F.3d 135, 144 (D.C. Cir. 2002)). If the plaintiff establishes a prima facie case, the burden shifts to the employer to produce a "legitimate, nondiscriminatory reason" for its actions. Jones, 557 F.3d at 677 (internal quotation marks and citations omitted). "If the defendant satisfies that burden, "the McDonnell Douglas

---

[2] "While the District of Columbia Circuit has held that it is appropriate to apply the traditional McDonnell Douglas framework in an ADA or Rehabilitation Act case to claims that an employer acted with discriminatory intent, the D.C. Circuit has stated that it is not appropriate to do so when the claim is that the employer failed to provide a reasonable accommodation." See Graffius v. Shinseki, 672 F. Supp. 2d 119, 126 n.8 (D.D.C. 2009) (citing Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc)). Here, the Plaintiff alleges not only that the Defendant failed to accommodate her but also that the Defendant discriminated against her by terminating her. Compl., Counts I-II.

framework-with its presumptions and burdens-disappear[s], and the sole remaining issue [is] discrimination [or retaliation] vel non." Kersey, 586 F.3d at 17 (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000)).  Thereafter, "to survive summary judgment the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory [or retaliatory] reason." Lathram v. Snow, 336 F.3d 1085, 1088 (D.C. Cir. 2003).[3]  A plaintiff may establish pretext directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981) (citations omitted).

"To establish a prima facie case of discrimination under the Rehabilitation Act for failure to accommodate, a plaintiff must show (1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that the employer refused to make the accommodation." Graffius v. Shinseki, 672 F. Supp. 2d 119, 125 (D.D.C. 2009) (quotations and citations omitted).   The definition of reasonable accommodation includes "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). To establish a prima facie case of retaliation, the plaintiff must show: "(1) that [s]he engaged in statutorily protected activity; (2) that [s]he suffered a materially adverse action by [her] employer; and (3) that a causal link connects the two." Jones v.

---

[3]   "If the defendant proffers a nondiscriminatory and nonretaliatory rationale, it is unnecessary to consider whether the plaintiff actually made out the elements of a prima facie case… At that point, "whether the plaintiff really did so is no longer relevant," and the only question is "whether the defendant intentionally discriminated against the plaintiff. " Kersey, 586 F.3d at 17 n.2 (citations omitted).

Bernanke, 557 F.3d 670, 677 (D.C. Cir. 2009); see also Taylor v. Solis, 571 F.3d 1313, 1320 (D.C. Cir. 2009).

## ARGUMENT

**I.      No Duty to Accommodate Plaintiff**

Plaintiff's Rehabilitation Act disability "rights are defined by reference to the ADA, as well as the Equal Employment Opportunity Commission's ("EEOC") regulations and enforcement guidance that implement the ADA." Schmidt v. Solis, 891 F. Supp. 2d at 86-87 (D.D.C. 2012) (citing 29 U.S.C. § 794(d) and "EEOC Enforcement Guidance on Reasonable Accommodation (hereinafter "EEOC Guidance"), available at http:// www. eeoc. gov/ policy/ docs/ accommodation. html (last visited Aug. 17, 2012").  EEOC guidance on the ADA holds that a request for reasonable accommodation comes too late when the employer has already initiated action based on poor performance.  "Since reasonable accommodation is always prospective, an employer is not required to excuse past misconduct even if it is the result of the individual's disability."  EEOC, "Enforcement Guidance:  Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act," Question 36 (October 17, 2012), http://www.eeoc.gov/policy/docs/accommodation.html#requesting.  In such a situation, the employer has no duty to accommodate the employee and can proceed with the removal action. See id.

According to EEOC's Practical Guidance "[a]lthough the ADA does not require employees to ask for an accommodation at a specific time, the timing of a request for reasonable accommodation is important because an employer does not have to rescind discipline (including a termination) or an evaluation warranted by poor performance." EEOC, "The Americans with Disabilities Act:  Applying Performance and Conduct Standards to Employees with Disabilities," Question 5 ("Must an employee with a disability ask for a reasonable accommodation at a certain

9

time?") (September 3, 2008, modified January 20, 2011), http://www.eeoc.gov/facts/performance-conduct.html.; see also id. at Question 6 (When an employee does not give notice of the need for accommodation until after a performance problem has occurred, reasonable accommodation does not require that the employer: …[w]ithhold disciplinary action (including termination) warranted by the poor performance).

EEOC decisions also hold that a request for reasonable accommodation comes too late when the employer has already initiated action based on poor performance. E.g., Hailey v. U.S. Postal Service, EEOC No. 0520110439, 2011 WL 2956814 *2 (July 12, 2011) (agency is not required to excuse misconduct resulting from employee's disability where employee did not request reasonable accommodation before or immediately after misconduct); Ruiz v. National Archives and Records Administration, EEOC Request No. 01A55070 (January 24, 2006) (where request for accommodation comes after performance and conduct issues lead to commencement of termination process, agency not obligated to accommodate complainant); Hernandez v. Department of the Navy, EEOC Request No. (March 30, 2004) (agency not required to excuse past behavior even if result of individual's disability, if accommodation was not requested prior to occurrence of past misconduct); cf., Bell v. Department of Homeland Security, EEOC Request No. 0120071655 (May 28, 2009) (agency under no obligation to provide accommodation requested after issuance of notice of termination.); Smith v. Department of Labor, EEOC Request No. 01A50480 (February 28, 2006) (no denial of reasonable accommodation found where complainant failed to request accommodation until given notice of termination).

Plaintiff disclosed her disability and sought reasonable accommodation only after the Agency proposed her removal for unacceptable performance. See Compl., ¶ 25. As EEOC guidance and case law indicates, the Defendant was not required to excuse Plaintiff's poor

performance, and rescind the proposed removal action.  Reasonable accommodation is prospective and Plaintiff acted too late when she disclosed her condition after being notified of her proposed removal.[4]  Thus, the Court should dismiss Plaintiff's complaint.

## II.     No Prima Facie Case for Failure to Accommodate

The Plaintiff has failed to demonstrate that she could perform the essential functions of the receptionist position with or without a "reasonable accommodation."  See Graffius, 672 F. Supp. 2d at 125 (for a prima facie case of failure to accommodate, the plaintiff must show that with or without a reasonable accommodation the plaintiff could perform the essential functions of the position).  The Plaintiff claims that a reasonable accommodation for her disability is receiving written instructions and additional time to complete assignments.  Compl. ¶ 30.  Prior to the Plaintiff informing the agency of her alleged disability, the Defendant had placed the Plaintiff on a PIP and had proposed her termination.  Compl. ¶¶ 23, 25, Ex. 1 (Agency File, Tab 4ooo); Ex. 2 (Agency File, Tab 4gg).  During the PIP period, Plaintiff had been provided written instructions and the Plaintiff took the time she needed to complete tasks.  Ex. 7 (Agency File, Tab 4c, p.2).  Despite these allowances during the PIP period, Plaintiff's performance did not improve and consequently the Defendant proposed her termination.  Ex. 2 (Agency File, Tab 4gg).  Because the Plaintiff could not perform her job even with written instructions and additional time to complete assignments, she cannot show a prima facie case of disability discrimination.

The Plaintiff also requested a reassignment as an accommodation.  42 U.S.C. § 12111(9) ("reasonable accommodation' may include ... reassignment to a vacant position ).  The Plaintiff also alleges that there were other chemist positions available.  Compl. ¶ 45 (listing other chemist

---

[4]     Even if accommodations had been required, Plaintiff's requested accommodation of written instructions and longer time to complete the work had been proven ineffective for her, as discussed below.  Ex. 7, Agency File, Tab 4c, p.

positions allegedly being advertised around the country).  The Plaintiff has not explained how such an accommodation to another chemist position would be effective or reasonable given that the Plaintiff was not able to satisfactorily perform her then current chemist position - even with allowances such as written instructions and more time to complete assignments.  Therefore, the Plaintiff has not shown a prima facie case of failure to accommodate.

### III.  Defendant had Legitimate, Non-Discriminatory and Non-Retaliatory Reasons

Even assuming *arguendo* that the Plaintiff can establish a prima facie case of disability discrimination, the Defendant had valid non-discriminatory and non-retaliatory reasons for its actions that do not raise an inference of pretext.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 256 (A plaintiff may establish pretext directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence).

Plaintiff's performance was unacceptable prior to her informing the agency that she was disabled.  See Compl. ¶ 25 (notifying the agency of disability after PIP and proposal to remove). The Defendant gave her a PIP and with it an opportunity to improve.  Ex. 1 (Agency File, Tab 4ooo).  During the PIP, the Plaintiff was given written instructions and she took the time she needed to complete her assignments.  Despite this, the Plaintiff demonstrated that she could not satisfactorily perform the essential functions of her job.  Ex. 7 (Agency File, Tab 4c, p.2).  After the Defendant proposed her termination, the Plaintiff requested an accommodation of written instructions and additional time.   This request was futile and unreasonable because the Defendant had already provided Plaintiff with written instructions and  more time and the Plaintiff had already proven that she could not perform the essential duties of her job with this type of accommodation.  Consequently, there is no evidence from which a reasonable juror could

infer that Plaintiff's discharge was motivated by her disability rather than her unsatisfactory performance.  Cf. Clark County School District v. Breeden, 532 U.S. 268, 272 (2001) ("proceeding along lines previously contemplated though not yet definitively determined, is no evidence whatever of causality").

Based on these facts, a reasonable jury could not conclude that the Defendant denied Plaintiff's futile accommodation requests and terminated her for discriminatory reasons. Lathram, 336 F.3d at 1088 ("to survive summary judgment the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory [or retaliatory] reason.").  The Plaintiff is unable to show pretext on the part of the Defendant for its actions.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 256 (A plaintiff may establish pretext directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence).  Therefore, the Court should grant summary judgment in favor of the Defendant.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint or grant summary judgment in favor of the Defendant.

Dated:  August 9, 2013                     Respectfully submitted,


                                           RONALD C. MACHEN JR., D.C. Bar #447889
                                           United States Attorney

                                           DANIEL F. VAN HORN, D.C. Bar # 924092
                                           Chief, Civil Division

                                             _____/s/_____
                                           ANDREA McBARNETTE, D.C. Bar # 483789
                                           Assistant United States Attorney
                                           555 Fourth Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 252-2539
                                           Andrea.McBarnette@usdoj