UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN VON DRASEK, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 13-847 (KBJ) |
| ALEX M. AZAR, in his official capacity as Secretary of the United States Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) ) |

## JOINT STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Susan Von Drasek ("Plaintiff") and Defendant, Alex M. Azar, Secretary, United States Department of Health and Human Services ("Agency" or "Defendant"), by and through their respective undersigned counsel, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. The parties enter into this Stipulation in order to make full and final settlement of any and all matters Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of, and in exchange for a full release of, any and all claims, demands, rights and causes of action of any nature based upon and related to this cause of action and to her employment with the Agency through the effective date of this Stipulation.

2. <u>Settlement Payment</u>. Defendant shall pay Plaintiff the sum of $895,000.00. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Food and Drug Administration following the provisional dismissal of the above-captioned civil action. The request for payment indicated in this Stipulation will be submitted by Defendant within five (5) business days after this

Stipulation has been filed in this District Court. Defendant and the United States and its employees shall have no further liability for any amount. Plaintiff's counsel shall be responsible for the distribution of the payment among Plaintiff and Plaintiff's counsel. This payment shall be made by electronic transfer to the bank account specified by Plaintiff's counsel.

3. <u>OWBPA Compliance</u>. Plaintiff acknowledges that she is aware of and understands her rights under the Older Workers Benefit Protection Act. Plaintiff agrees to waive the twenty-one (21) calendar days within which to consider this Stipulation, pursuant to the Older Workers Benefit Protection Act ("OWBPA") and that the waiver of her rights and claims through this Stipulation is a knowing and voluntary waiver. Plaintiff may revoke her agreement to this Stipulation during the seven (7) day calendar day period following her execution thereof. Such revocation must be in writing and delivered to Defendant's Counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By her signature below, Plaintiff's Counsel represents that: (i) she has served as Plaintiff's attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A)-(G) have been fully satisfied in connection with this settlement agreement.

4. <u>Dismissal with Prejudice</u>. Unless Plaintiff timely exercises her right to rescind this Stipulation, as provided in Paragraph 3 hereof, the filing of this Stipulation shall constitute a provisional dismissal of the above-captioned civil action against Defendant. Plaintiff will have the right to reinstate this case if payment is not received within sixty (60) days of the request for processing. The parties request that the Court enter this Stipulation as an Order so as to retain jurisdiction to enforce the terms thereof. Counsel for Defendant must file the fully executed

Stipulation immediately upon expiration of the revocation period in Paragraph 3. Plaintiff agrees that execution of this Stipulation by her and the Defendant shall constitute a voluntary dismissal with prejudice of the matters pending against Defendant under Federal Rule of Civil Procedure 41(a)(1) including in the above-styled action.

5. <u>Release</u>. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action and with respect to Plaintiff's employment with the Agency, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein or that could have been complained of at any time up to the date on which she signs this Stipulation. Plaintiff hereby fully and forever releases and discharges the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with her employment by the Agency occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and/or the Family and Medical Leave Act of 1991, all as amended and currently in effect. In connection with this release, Plaintiff

acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

6. No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she had not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7. No Admission of Liability. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without further legal proceedings and to avoid the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed to be an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Agency, or the United

States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8. <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

9. <u>Amendments</u>. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by both parties.

10. <u>Construction</u>. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term of provision hereof.

11. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

12. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

13. <u>Further Assurances</u>. If either party at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other

party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention. Attorney's fees and costs shall be the responsibility of the party determined to have breached this agreement. The Court shall retain jurisdiction over this Stipulation, including to hear disputes regarding it and to enforce its terms.

14. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand or transmitted by fax or by e-mail and addressed as follows or as each party may subsequently specify by written notice to the other:

<u>Notices to Plaintiff</u>
Elaine Fitch
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave., NW
Suite 1000
Washington, DC 20006
Email: efitch@kcnlaw.com
Fax: 866-452-5789

<u>Notices to Defendant</u>
Nancy K. Achord
Office of the General Counsel
U.S. Department of Health & Human Services
601 E. 12th Street, Room N1800
Kansas City, MO 64106
Email: nancy.achord@hhs.gov
Fax: 816-426-3550

*with copy to:*
April Denise Seabrook
Assistant United States Attorney
U.S. Attorney's Office – Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
Email: april.seabrook@usdoj.gov
Fax: 202-252-2599

*and*
Chief, Civil Division
United States Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530
Fax: 202-252-2599

15. <u>Execution</u>.  This Stipulation may be executed in two or more parts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

16. <u>Governing Law</u>.  This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

17. <u>Binding Effect and Effective Date</u>.  Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the Stipulation herein shall not become effective or enforceable until the revocation period provided for in Paragraph 3 has expired.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

*Remainder of Page Intentionally Blank*

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Plaintiff

By: *[signature]*
Name: SUSAN M. VON DRASEK
Date: 7/17/19

By: *[signature]*
Name: ELAINE FITCH
Date: 7/17/19

Defendant

By: *[signature]*
JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VANHORN, D.C. Bar No. 924092
Chief, Civil Division

By: *[signature]*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530
Tel: 202-252-2525
April.Seabrook@usdoj.gov

Date: 07/18/19

Of Counsel:
NANCY K. ACHORD
Assistant Regional Counsel,
U.S. Department of Health & Human Services
Office of the General Counsel, Region VII, Kansas City

It is SO ORDERED on this _____ day of _____, 2019.

_____
United States District Judge